DAVID FRIBERG *vs.* BUILDERS IRON AND STEEL COMPANY.

Middlesex.   December 10, 1908. — March 29, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability.

In an employment where mere manual labor is required and there is no occasion for the exercise of discretion by the workmen nor any expectation of their coöperation with one another, it is no evidence of negligence on the part of the employer that he employs laborers of divers tongues, who cannot understand one another's speech, to work in company with one another, *distinguishing Beers* v. *Isaac Prouty Co.* 200 Mass. 19.

At the trial of an action by an experienced workman against his employer, an iron and steel company, for personal injuries received by him while assisting in forming a piece of lead and alleged to be due to the incompetence of a fellow workman, there was evidence tending to show that the plaintiff was holding

with tongs a piece of lead for three fellow workmen to strike with sledge hammers, that one of the fellow workmen could not understand English, that the plaintiff held up his hand for the others to stop striking and said in English " Hold on a minute," and proceeded to take hold of the lead with his hands to change its position, that two of the fellow workmen ceased striking as directed, but that the one who did not understand English did not stop, and struck the plaintiff's hand with the sledge.  There also was evidence tending to show that the fellow workman who struck the plaintiff had been hired by the defendant a week before the accident " to help painting, and carry iron, and striking, and acting as helper."  *Held,* that inability on the part of such fellow workman to understand English did not under the circumstances constitute such incompetence as to render the defendant as a matter of law negligent in employing him with knowledge of that fact for the work which he was doing.

TORT for personal injuries received by the defendant as a machinist, alleged to have been caused by the incompetence of a fellow workman employed by the defendant.  Writ in the Superior Court for the county of Middlesex dated March 15, 1905.

The case was tried before *Bond,* J.  The facts are stated in the opinion.  At the close of the plaintiff's evidence, the defendant rested, and the presiding judge directed a verdict for the defendant " on the ground that there was no evidence introduced tending to prove, first, that the person who caused the injury to the plaintiff was an unfit and incompetent servant, and, second, that the defendant had been careless, or had not used reasonable care in the employment of the fellow servant whose acts caused the plaintiff's injuries."  The plaintiff alleged exceptions.

*C. A. Parker,* for the plaintiff.

*C. M. Pratt, (W. H. Hitchcock* with him,) for the defendant.

RUGG, J.  This is an action of tort to recover damages for personal injuries received by the plaintiff while in the employ of the defendant.  The single count of the declaration alleges, as the only ground of its liability, employment by the defendant of an incompetent fellow servant.  There was evidence tending to show that the plaintiff was an experienced workman who, while ignorant of the English language, first entered the employment of the defendant about four years before this accident. On the day in question, with a single helper, he was forming a piece of lead, when the general manager of the defendant, Johanson, came along with a man who could not speak or understand English and who had been working for the defendant a week

" to help painting, and carry iron, and striking, and acting as helper." These two, with the other helper already assisting the plaintiff, began striking with heavy hammers in rotation the piece of lead which the plaintiff held with tongs upon an anvil. Then the plaintiff made a motion with his hand for the others to stop striking and said, " Hold on a minute," and observing that Johanson and the first helper stopped, held the tongs off with his left hand and with his right took hold of the metal, and while in the act of placing it in another position on the anvil his right hand was struck by the hammer of the helper, who did not talk English and who did not stop striking as the other two had done.

There is strong ground for the argument that the plaintiff was not in the exercise of due care in that, although furnished with tongs by which to handle the piece of lead which was being treated, he preferred, because of its greater convenience, to use his hand, and further that he put his hand in a place of great danger without first assuring himself that his signal to the fellow workmen to stop wielding the hammers was understood and heeded by them. But we place the decision on the want of sufficient evidence to support a finding of negligence on the part of the defendant in the respect averred in the declaration. The work which the helpers were employed to do was rough and coarse in kind, not demanding any particular skill. It was not of such nature as to require dexterity, expertness or intelligence along any special line. It was plain manual labor, which could readily be performed by any able-bodied man of ordinary capacity. There was testimony that the work was being done in the customary manner and in the same way as it is done in foreign countries. No machinery was involved and the tools were simple and commonly known. No intelligent co-operation between the workmen was required, but only the contiguity of labor involved in striking in rotation and stopping upon signal. Intelligent comprehension of the sign to stop required no knowledge of any language. The plaintiff employed both gesture and speech. It does not appear which was observed by the two who stopped. It seems clear that the hand-given signal, amid the noise caused by the hammering, even if the shop was otherwise quiet, would be quite as efficient as that given by the voice. It could be

understood readily by men of all nationalities. The place of employment was one where the plaintiff must have known that men unable to speak English were likely to be, for he himself began working there when ignorant of it. It might be a great hardship on many men able to do only ordinary labor to hold that it is negligence on the part of an employer to hire any one who does not understand English. Such a rule might seriously impair the development of the resources of the country and the construction of great public works. It would run counter to what is generally known to be common experience.

There is nothing inconsistent with this result in *Beers* v. *Isaac Prouty Co.* 200 Mass. 19. That was a case where a certain degree of trained mechanical ability was required and co-operation and communication between the workmen were necessary and the machine used was complicated. The present case comes within that portion of the rule there stated, that where mere manual labor is required and there is no occasion for the exercise of discretion and no expectation of co-operation with other laborers, servants of divers tongues may with propriety be employed to work in the same company.

It is unnecessary to discuss other defenses urged, for the reason that there was no testimony tending to prove that the person who caused the injury to the plaintiff was unfit and incompetent for the service he was hired to perform.

*Exceptions overruled.*