MICHAEL IWANOWSKI *vs.* AMERICAN AGRICULTURAL
CHEMICAL COMPANY.

Suffolk.     January 21, 1910. — February 25, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

In an action by a workman against his employer for personal injuries sustained by the plaintiff from being struck by a car which was run upon a track laid on a trestle and was used to bring the product of the defendant from the defendant's factory to its warehouse, if it appears from the plaintiff's evidence that the accident was caused by the negligence of a fellow servant of the plaintiff in starting the car before the signal for starting it had been given, and there is no evidence of a failure of the defendant to instruct this servant fully as to his duties or that the servant failed to comprehend the instructions given to him or that he was incompetent to do the work assigned to him, and if also there is no evidence that any negligence of the servant was known to the defendant or to its superintendent and no evidence of any negligence in continuing to employ him, a verdict must be ordered for the defendant.

TORT, for personal injuries received by the plaintiff when in the employ of the defendant at its fertilizer works at North Weymouth on February 17, 1905. Writ dated April 15, 1905.

In the Superior Court the case was tried before *Sherman,* J. The declaration contained five counts. The first count alleged a defect in the ways, works or machinery of the defendant; the second alleged negligence of a superintendent; the third alleged a failure to keep the machinery and appliances in proper condition and repair; the fourth alleged a failure properly to instruct the plaintiff or to warn him of the dangers of his employment; and the fifth, added by amendment, was as follows: "And the plaintiff says that on or about February 17, 1905, he was in the employ of the defendant; that it was the duty of the defendant to hire and retain in his service employees competent to do the work required; that the defendant wholly regardless of his duty in this respect, negligently and carelessly hired and retained in his employ a person to the plaintiff unknown who was incompetent and unskilful and unfit to do the work assigned him by the defendant; that all the foregoing was known, or in the exercise of due care ought to have been known, by the defendant;

that in consequence thereof the plaintiff was severely injured in body and mind and has suffered great loss in his earnings."

At the trial the plaintiff waived the first and third counts of his declaration.

The evidence relating to the defendant's liability consisted of the testimony of the plaintiff and that of one Mikis, called by the plaintiff as a witness. The following facts appeared:

At the defendant's works there were two buildings about three hundred yards apart, of which one was a factory for the manufacture of fertilizer and the other was a storehouse for its storage. A narrow gauge track on an elevated trestle about thirty feet in the air connected these buildings, and on this ran one car attached to an endless cable. The power was applied to the cable and the motion of the car was controlled by a lever near the track in the factory. In the storehouse at the side of the elevated track there was a platform, and on this platform were push buttons whereby an electric bell in the factory could be rung. By running the car back and forth fertilizer was carried from the factory to the warehouse. The duty of the witness Mikis was to fill the car in the factory from a chute and operate the car by the lever. The plaintiff's duty was to be on the platform in the storehouse, to receive and empty the car and to signal for its return by means of the electric bell. Three bells was the signal for the return of the car to the factory. The plaintiff testified that while he was at work emptying the car in the storehouse the witness Mikis started the car back towards the factory without having received any signal to do so from the plaintiff, and that thereby the plaintiff was thrown by the moving car from the track to the ground below, and was injured. It also appeared that about a day and a half before the accident both the plaintiff and Mikis had been put at work by a foreman named Muldoon to operate the car between the factory and storehouse; that they had been given certain instructions by Muldoon as to how to operate it, and thereafter had run the car for a day and a half up to the time of the accident. Both the plaintiff and Mikis testified that they were Poles and that when they were put at work by Muldoon they did not understand English and Muldoon did not speak Polish. There was evidence as to how and to what effect Muldoon instructed the plaintiff and Mikis and as

to what extent they understood him.. Both the plaintiff and Mikis testified that they knew that three bells was the signal for the return of the car.

On all the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions. An agreement of the parties was inserted in the bill of exceptions that if the exceptions were sustained judgment should be entered for the plaintiff in the sum of $1,500.

*W. W. Clarke*, for the plaintiff.

*R. B. Stone*, for the defendant, was not called upon.

SHELDON, J. It appeared from the plaintiff's own showing that the accident by which he was injured was due to the negligence of Mikis in starting the car when he had not received the signal to do so. Mikis had been instructed and he understood that he was to do this only when he received the appointed signal, three bells. But he looked at the bell, saw it moving slightly, and inferred that it had so rung and that he had failed to hear it. So he started the car back by means of the lever, and the plaintiff was injured. There was no evidence of any failure to instruct Mikis fully as to his duties, or that he failed to comprehend exactly the instructions given him, or was at all incompetent to do the work assigned to him. Specific acts of mere negligence in doing his work did not tend to show such incompetence. *Cooney* v. *Commonwealth Avenue Street Railway*, 196 Mass. 11, 14. Nor was there any evidence that any negligence of his was known to the defendant or its superintendent, or that there was any negligence in continuing to employ him. *Gilman* v. *Eastern Railroad*, 13 Allen, 433, 444. The accident could not have been due to Mikis's ignorance of the English language, as in *Beers* v. *Isaac Prouty Co.* 200 Mass. 19. See *Friberg* v. *Builders Iron & Steel Co.* 201 Mass. 461. The plaintiff's counsel has not contended, and could not have contended, that the defendant could be found to have been negligent in any other respect.

*Exceptions overruled.*