WILLIAM E. BARBER, Respondent, *v.* P. HENRY SMEALLIE et al., Copartners under the Firm Name of P. H. SMEALLIE & COMPANY, Appellants.

**Master and servant — when master not liable for alleged incompetence of servant.**

A recovery cannot be had in an action by an employee against his employer for injuries sustained by reason of incompetence of a fellow-servant because of the inability of the latter to understand the English language, where this fact was not shown to be the proximate cause of the injury and it does not appear that the master was otherwise chargeable with knowledge of his lack of sufficient intelligence.

*Barber* v. *Smeallie*, 166 App. Div. 948, reversed.

(Argued October 12, 1917: decided October 23, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 27, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover for personal injuries alleged to have been occasioned plaintiff through the negligence of defendants. Plaintiff was in the employ of the defendants in their paper mill. In the performance of his work he was required to insert his hand into a pump to clean it. While doing this, one of the other employees of defendants moved a clutch which started the machinery, seriously injuring plaintiff's hand and arm.

*Andrew J. Nellis* and *William H. Foster* for appellants.

*D. L. Snook* and *Daniel Naylon, Jr.*, for respondent.

POUND, J. Plaintiff was injured by the act of a fellow-servant. Defendants' liability is based upon the rule which requires the master to use reasonable care to employ competent men. The incompetency complained of and brought home to defendants consisted in the inability of plaintiff's fellow-servants to understand the English language. No other incompetency which made their presence a danger to plaintiff was brought to defendants' notice. Incompetency of a servant may be due to his inability to understand the English language (*Beers* v. *Isaac Prouty Co.*, 200 Mass. 19), but no rule imposes liability upon an employer merely because he hires men who do not understand English. (*Friberg* v. *Builders Iron & Steel Co.*, 201 Mass. 461.) The incompetency must be the proximate cause of the injury, the injury the result of the incompetency. Plaintiff's injury was not due to the inability of the person who caused it to understand the English language. It may have been due to lack of sufficient intelligence on the part of such

person to understand that he should not start the pump while plaintiff was down stairs, but it does not appear that defendants were chargeable with notice that the man was thus mentally deficient.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK, MCLAUGHLIN and ANDREWS, JJ., concur; CHASE and HOGAN, JJ., dissent.

Judgment reversed, etc.